JOHN R. JONES & CO. v. W. H. HUNT.

No. 2845.

**Unliquidated Damages—Setoff.**—Suit for wrongful conversion of a package of money received by defendant through an agent of plaintiffs. The package was to be returned to the agent, but was retained. Upon suit by plaintiffs for damages for the conversion of the money the defendant pleaded in setoff certain items of indebtedness owing him by plaintiffs. It was objected to the allowance of the offset that the cause of action was in tort. *Held:*

1. That as the money withheld by the defendant was known, the measure of damages was a matter of calculation, in no wise uncertain or unliquidated.

2. It was proper to allow the offsets pleaded, they being proved.

APPEAL from Cass. Tried below before Hon. J. L. Sheppard.

The opinion states the case.

*O'Neil & Eberhard,* for appellants.—Appellants' cause of action was for unliquidated damages, their demand being uncertain and founded on a tort or breach of covenant. The appellee seeks to set off same by debts claimed to be due him by appellants, which is forbidden by our statutes. Rev. Stats., art. 549; Duncan v. Magette, 25 Texas, 245; Nelson v. King, 25 Texas, 656; Roberts v. Yarboro, 41 Texas, 453; Howard v. Randolph, 73 Texas, 454; 1 Add. on Torts, 491, and note; 2 Add. on Torts, 651; 9 Bacon's Abridge., 631–40; 8 Bacon's Abridge., 641–48; Cool. on Torts, 448–58; Taylor v. Morgan, 3 Pa. St., 333.

*O'Neil & Son,* for appellee.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by appellants to recover from appellee damages for the wrongful conversion by defendant of a sum of money belonging to plaintiffs.

It appears that a package of money containing $1761.29 belonging to plaintiffs was received by an express company to be transported and delivered to an agent of plaintiffs at Queen City.

The agent intending to be away on the day that the money was expected to arrive at its destination, and having been informed by the agent of the express company that having no facilities for keeping it safely it could not hold the money until his return, he requested defendant to receive the money from the express company for the purpose of safely keeping it for plaintiffs until the return of their agent.

Defendant consented, and on the arrival of the money received it from the express company on a written order given him by plaintiffs' agent. The absence of the agent was only temporary, as it was expected to be, and on his return he demanded of defendant the delivery of the package of money, which was refused by defendant except on condition of the

payment by plaintiffs of certain moneyed demands claimed by defendant to be due him by them.

The cause was tried with a jury, resulting in a verdict and judgment for plaintiffs for three hundred and eighty-one dollars and thirty cents, to reverse which they prosecute this appeal.

The defendant pleaded in reconvention that plaintiffs were indebted to him for goods, wares, and merchandise, sold to Rice & Bros. at the instance and request of plaintiffs, a bill of particulars of which was made part of his answer; that he had paid an indebtedness of Rice & Bros. to another party amounting to one hundred dollars at the request of plaintiffs; that he was the owner by transfer of one promissory note, executed by plaintiffs to Rice & Bros., and of an interest in another, and also that he was the owner of a draft drawn by himself, payable to his own order, addressed to plaintiffs and accepted by them, all of which were made exhibits to the answer.

Plaintiffs replied to these allegations that if they ever made the promises charged, or executed said acceptance or promissory notes, they did so conditioned upon defendant's promise and undertaking to procure from said Rice & Bros. a deed of trust upon their property to secure the payment of the aforesaid debts, which he failed to perform.

The assignments of error in various forms present for our decision but two questions:

1.   That plaintiffs' cause of action being founded in a tort and breach of covenant for uncertain damages can not be offset with the debts set up by defendant.

2.   That the verdict of the jury was contrary to the law and evidence, for that, if plaintiffs ever became responsible to defendant for any sum of money by reason of advances made at their request, it was upon the express stipulation that Rice & Bros. would secure the debts by a deed of trust on their property, which they never did.

As to the existence of any such condition as is mentioned in the second objection the evidence is conflicting, but we think it fully sustains the finding of the jury.

There was an implied contract upon the part of defendant to deliver to plaintiffs upon their demand the money received from the express company.  His refusal to deliver it on demand was a breach of the contract and conversion of the money, giving to plaintiffs the right to recover by suit a judgment for the money with legal interest from the date of its conversion.

The other question presented for our consideration depends upon the proper construction of the first clause of article 649 of our Revised Statutes, reading:   "If the plaintiff's cause of action be a claim for unliquidated or uncertain damages, founded on a tort or breach of covenant, the

defendant shall not be permitted to set off any debt due him by the plaintiff."

Rapalje's Law Dictionary defines a tort to be: "The infringement of a right created otherwise than by a contract."

Abbott's Law Dictionary gives to the word "liquidated" the meaning, "Adjusted, certain, or settled in respect to amount."

In the case of Hargraves v. Cooke, 15 Georgia, 332, it is declared a debt is said to be liquidated "whenever the amount due is agreed upon by the parties or fixed by the operation of law." Wat. on Setoff, 337.

In the case before us we do not think the amount that plaintiffs were entitled to recover on the establishment of their cause of action was either uncertain or unliquidated. The amount was fixed by the law. It could be precisely ascertained by a mathematical calculation and did not depend upon the evidence of witnesses. Duncan v. Magette, 25 Texas, 245; Riddle v. McKinney, 67 Texas, 29; Howard v. Randolph, 73 Texas, 454.

The judgment is affirmed.

*Affirmed.*

Delivered November 1, 1889.