HARRINGTON LUMBER COMPANY v. BERT K. SMITH.

Decided November 30, 1906.

**1.—Pleading and Proof—Conversion or Sale.**

An allegation that the goods sued for were converted by the defendant will not warrant the admission of evidence of a sale of such goods.

**2.—Justice Court—Pleading—Judgment.**

While much liberality is allowed in construing pleadings in a Justice Court, still where plaintiff's demand filed with the justice is in writing and clearly shows that it is for conversion of the goods in controversy, and the proceedings on the trial show that plaintiff so construed it, it will not be presumed in support of the judgment that there was also an oral plea setting up a sale of said goods at a fixed price.

**3.—Demand—Liquidated or Unliquidated—Set-off.**

In determining whether a demand is liquidated or unliquidated the test is, not so much whether the demand is for an agreed sum as whether it is

for a sum which, under the facts alleged, is necessarily certain in amount if the facts alleged are found to be true. Evidence considered, and held to show that a set-off pleaded was a liquidated demand.

Appeal from the County Court of Nacogdoches County. Tried below before Hon. Robert Berger.

*June C. Harris,* for appellant.—Plaintiff must recover upon proof of his case as he states it. He can not aver one state of facts, and prove another. Where the evidence develops a case entirely different from the pleadings, the judgment should be for the defendant. Brinkley v. Harkins, 48 Texas, 226; Western U. Tel. Co. v. Smith, 88 Texas, 13, and cases therein cited; Riverside Lbr. Co. v. Lee, 27 S. W. Rep., 161; Dolores Land, etc., Co. v. Jones, 3 Texas App. Civ., 329-330; St. Louis, etc., Ry. v. Edwards, 3 Texas App., Civ. Cases, p. 410; Heilbroner v. Hancock, 33 Texas, 719; Middlebrook v. Zapp, 73 Texas, 31; Moore v. Kennedy, 81 Texas, 147.

*Ingraham, Middlebrook & Hodges,* for appellee.—The pleadings in the Justice Court are oral, and the form in which an account or demand sued on is drawn up, can not prejudice the rights of the plaintiff to recover upon the merits of the case, as disclosed by the testimony. Sanger v. Noonan, 27 S. W. Rep., 1056; Doyle v. Glasscock, 24 Texas, 201; Austin & N. W. Ry. Co. v. Anderson, 85 Texas, 89; Rev. Stats., art. 1603.

The court did not err in sustaining plaintiff's exception to defendant's counter claim, because the defendant shall not be permitted to set off unliquidated or uncertain damages against plaintiff's cause of action, it being on a certain demand for one car of hay at an agreed price for $189, and the counter claim being a matter of uncertain and unliquidated matter. Howard v. Randolph, 73 Texas, 454; Riddle v. McKinney, 67 Texas, 29; Jones v. Hunt, 74 Texas, 657.

GILL, Chief Justice.—Bert K. Smith and Marcus Smith, doing business under the firm name of Bert K. Smith, brought this suit in the Justice's Court to recover of the Harrington Lumber Company damages in the sum of $189 for the unlawful conversion by defendant of one car-load of Alfalfa hay belonging to the plaintiffs. The defendants answered by a general denial, and pleaded a set-off to which the court sustained a general demurrer. In a trial to the court without a jury judgment was rendered in favor of plaintiffs for the full amount of their claim.

The lumber company has appealed and here makes two points against the judgment: First. That the evidence is insufficient to support the allegations upon which the judgment is based, and Second. The court erred in sustaining exceptions to the plea of set-off.

The evidence adduced at the trial utterly fails to show a conversion, but clearly shows the following:

On the — day of ——, 19—, the plaintiffs sold defendants a car-load of Alfalfa hay for the agreed price of $189, the car to be shipped by plaintiff from Houston, their place of business, to defendants at Lanana,

Texas. The plaintiffs shipped the hay but it was consigned to the order of the firm and they drew a draft on defendants for the agreed price and attached it to the bill of lading. When the hay arrived at Lanana plaintiffs wrote defendants a letter authorizing them to unload the hay and take it and send a check to plaintiffs to cover the price. The railroad agent at Lanana was also instructed to turn over the car to defendants without the bill of lading. Thereupon defendant took the hay and sent plaintiffs a check for $108.96 with a statement showing that it represented the difference between the price of the hay and a shortage in a previous consignment of chops for which defendants were entitled to a credit of $80.04. Plaintiffs refused to allow the credit, and defendant refusing to pay the full sum plaintiffs sued alleging that defendant had fraudulently taken the hay without plaintiffs consent and converted it to defendant's use. Damages were asked for the value of the hay.

The defendant sought to defend on the ground that he was entitled to a credit of $80.04 for the reasons above given, and that he had sent plaintiffs a check for $108.96 which they still held and which he believed they had collected. To the proof of the sale and the agreed price of the hay defendant objected and here assigns its admission as error. Thus in both forms does he undertake to present the question here.

It is well settled that in a suit for conversion recovery can not be had for a sale at a fixed price. It is apparent that no proof was offered tending to show a conversion, or to fix the market value of the hay. The complaint that the judgment upon the theory of conversion is unsupported by the evidence is well founded, and the judgment for that reason must be reversed unless the appellee's contention be sound to the effect that because the suit was begun in the Justice Court where the pleadings may be oral, we should presume in favor of the judgment that the suit was brought in the alternative, that is to say, that there were oral allegations of a sale at an agreed price. Appellee cites Sanger v. Noonan, 27 S. W. Rep., 1056; Doyle v. Glasscock, 24 Texas, 201, and Austin & N. W. Ry. v. Anderson, 85 Texas, 89, in support of his contention. While the cases cited and others along the same line hold that the technical rules of pleading applicable to courts of record do not apply to Justice Courts and that the form of the stated account will not prejudice plaintiff's right to recover on the facts, we know of no case which has gone the length of holding either that no pleadings are necessary in a Justice Court or that one cause of action can be pleaded and recovery had upon another and distinct cause not pleaded.

Nor does any decision to which our attention has been directed authorize us to presume in addition to the record that there were oral pleadings inconsistent with the cause of action originally set up. In this case the written demand lodged with the justice was as follows: "Bert K. Smith, No. 564, v. W. G. Harrington.

Doing business under the name of The Harrington Lumber Co.

"For the amount of one car of Alfalfa hay unlawfully taken by you by force and appropriated to your own use and benefit without the knowledge or consent of Bert K. Smith, the owner of said car of hay, being 21,535 pounds of hay shipped to order of Bert K. Smith to Lanana, Texas, and there taken by you out of a sealed car without said Smith's consent, and to the damage of said Smith in the sum of $189,

the value of said car of hay, which was taken by you about June the 1st, 1905, and for which Bert K. Smith here sues for his damages in sum of $189.    Filed November 10. 1905."

In addition to this the plaintiffs construed their own pleadings in the court below by striking out the defendant's off-set on the theory that their suit sounded in tort to which a claim growing out of a breach of contract could not be interposed in off-set. So that even if it be generally permissible to presume oral pleadings in support of a judgment we are cut off in this case by the fact last mentioned.

The judgment is therefore reversed and the cause remanded for another trial when the plaintiff will doubtless amend in accordance with the facts of his case. In that event the question of the off-set will become important.

The defendant pleaded that in March of the same year he purchased of plaintiffs one car-load of chops for which he paid plaintiffs an agreed price per sack before the car was opened. That the price he paid was $1.16 per sack and that when he opened the car he found that 60 sacks were so rotten as to be wholly worthless, and that there were 9 sacks less in the car than the bill of lading showed. That he had also sent plaintiff a check for the hay for $108.96 which the plaintiff had not returned and which it is alleged plaintiff has perhaps collected.

The check if collected or assigned must certainly be allowed as a credit on plaintiff's demand. So must the claim for 9 sacks of chops shortage on the previous shipment at $1.16 per sack if the allegation is shown to be true, for that much of the set-off is clearly a liquidated demand. The claim for the damaged chops is in our opinion as clearly liquidated.

Whether the demand is liquidated must be determined from the face of the allegation. Defendant avers, not that he received and accepted the 60 damaged sacks and sues for their lessened value, but that because of their unmarketable condition he rejected them. Upon such an allegation what would be the jury's duty when the evidence was in? Clearly to decide whether the allegation was true. If true the law would fix the compensation at the agreed price per sack for which the chops had been bought. And this because the contract under which the chops were bought and paid for, by its very nature imposed upon the seller the duty to reimburse the buyer at the contract price per sack for every sack which he failed to deliver or which because of its unmarketable condition the buyer rightfully refused to receive.

In Taylor, Boon & Wadell v. Bewley, 93 Texas, 524, it is held that a suit to recover upon a *quantum meruit* for goods sold is for an unliquidated demand. And also that an unliquidated demand for breach of a former contract can not be offset against a suit for goods subsequently sold and delivered under a different contract at an agreed price. Jones v. Hunt, 74 Texas, 657, is cited as containing an approved definition of the term "liquidated." The court also cited Howard v. Randolph, 73 Texas, 454, and Riddle v. McKinney, 67 Texas, 29, as decisive of the rule that an independent unliquidated claim can not be set off against a liquidated demand, and this doctrine now seems well established in Texas.

The cases defining what is a liquidated demand appear to us to be

very confusing and unsatisfactory. We shall not undertake to reconcile them. We think the claim in this case for the 69 sacks of chops may be sustained as a liquidated demand under the doctrine applied in Riddle v. McKinney, 67 Texas, 29, and Jones v. Hunt, 74 Texas, 657. In the latter case a suit for wrongful conversion of money though clearly sounding in tort was held to be a suit for a sum certain and therefore upon a liquidated demand. It appears therefore that the test is not so much whether the demand is for an agreed sum as whether it is for a sum which under the facts alleged is necessarily certain in amount if the facts alleged as creating the liability are found to be true. In Jones v. Hunt, *supra,* Justice Henry, speaking for the court, quotes with approval Wattrous' definition of a liquidated demand, that is to say, "the demand is liquidated whenever the amount due is agreed on by the parties or fixed by operation of law." (Wat. on Set-off, sec. 337.)

Another is, "Adjusted, certain or settled in respect to amount." (Abbott's Law Dict.) Under either of these definitions the claim is liquidated and may be set off against the suit of plaintiff properly brought upon his facts.

*Reversed and remanded.*