### BROWN v. DOLLE.

(Court of Civil Appeals of Texas. San Antonio. March 6, 1912. Rehearing Denied March 27, 1912.)

SET-OFF AND COUNTERCLAIM (§ 29*)—BUILDING CONTRACTS—ACTIONS—COUNTERCLAIM.

Where a contractor to construct shelving and counters in a store sued for the contract price, the owner could not set up a counterclaim for unliquidated damages for breach of contract for the building, made between him and a third person, and prior to the contract sued on as the damages were not founded on a cause of action arising out of, or incident to, or connected with, the cause of action sued on.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 49–51; Dec. Dig. § 29.*]

Appeal from Bexar County Court; Geo. W. Huntress, Judge.

Action by Fritz Dolle against H. M. T. Brown. From a judgment for plaintiff, defendant appeals. Affirmed.

Geo. Powell, for appellant. G. O. Brown, for appellee.

MOURSUND, J. Appellee, who was plaintiff below, sued appellant in justice's court of precinct No. 1 of Bexar county, alleging that plaintiff, at the instance and request of defendant, had erected and constructed certain shelving and counters in defendant's store, for which defendant had agreed and promised to pay plaintiff the sum of $40, but that defendant had failed and refused to pay said sum of money to plaintiff. Defendant answered with a general denial, and a counterclaim against plaintiff, in which he alleged that plaintiff, under a contract, attempted to construct for defendant the storehouse in which the shelving and counters were constructed and built by plaintiff, and

that he erected said building in an inferior and unworkmanlike manner, so that defendant was greatly damaged. The items of the damages suffered by him were specifically set out, and aggregated $170. He also alleged that said account, as itemized and set out, arose from plaintiff's cause of action. Judgment was rendered in said court for plaintiff for $40, and that defendant take nothing upon his cross-action or set-off.

Defendant appealed to the county court, and upon a trial before the court judgment was rendered for plaintiff for $40 against defendant and the sureties on his appeal bond and against defendant on his counterclaim. Defendant appealed the case to this court, and by appropriate assignments of error questions the correctness of the ruling of the lower court in refusing to allow his counterclaim, and in rendering judgment that he take nothing on such counterclaim. No request was made for findings of fact and conclusions of law. His bill of exceptions shows that the court refused to allow the counterclaim because the contract for the building of the house was between plaintiff and one A. B. Stevens, and was not connected with the contract between plaintiff and defendant for the construction of the shelving and counters, and, further, because the damages sought to be recovered by reason of the counterclaim were unliquidated.

There was ample evidence to show an express contract between the parties for the construction of the shelving and counters and that appellant had agreed to pay appellees $40 for such counters and shelving. Several witnesses testified that after the completion of the same appellant expressed himself as being well pleased and satisfied with same, and that he promised to pay appellee on the 12th of the following month. Appellee and one of his witnesses testified that the contract for the counters and shelving was made when the storehouse in which same were placed was about completed. Appellant himself testified that the contract for the shelving and counters was made one afternoon at Mr. Dolle's house, next door to where he was erecting the building.

The evidence of all the witnesses who testified in regard to the contract to build the storehouse shows that it was a contract between A. B. Stevens and the appellee, and that the only connection appellant had with the matter was that Stevens and he had a verbal contract under which he was to buy a certain lot from Stevens, and Stevens was to build a storehouse on the lot suitable to appellant, who, after the building of such house, was to receive a deed for the lot upon the payment of a small cash payment. However, Stevens sent appellant to appellee with instructions to submit to appellee his ideas concerning the house wanted, so that appellee could inform Stevens what the cost would

be. This was done, and appellee, having informed Stevens of the cost of the proposed building, was told to go ahead and build the house for Stevens. Stevens paid what he agreed to pay for the lumber and the work. After the completion of the house, Stevens executed to appellant a vendor's lien deed for the lot upon the payment of the small cash payment. Stevens testified that he had nothing to do with the plans and specifications for the house; his contract being that appellee should build the house according to appellant's ideas. He also testified that he knew nothing about the contract for the shelving and counters in the store. The items of damages claimed were items for work and material which appellant claimed were necessary in order to complete the house according to plans and specifications.

The court was correct in holding that the damages claimed by defendant could not be construed as founded upon a cause of action arising out of, or incident to, or connected with the plaintiff's cause of action. The contract for the building of the store was between appellee and Stevens; besides, it was made prior to the contract between appellee and appellant for the counters and shelving, and was entirely independent of same. The damages claimed by appellant were unliquidated damages. Jones v. Hunt, 74 Tex. 657, 12 S. W. 832; Taylor v. Bewley, 93 Tex. 524, 50 S. W. 746.

We conclude that there is no error in the judgment, and the same is affirmed.