COMMERCIAL STATE BANK v. VAN HUTTON. (No. 6142.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 15, 1919.)

1. SET-OFF AND COUNTERCLAIM ⬤⟿33(1)— "LIQUIDATED" CLAIM—STATUTE.

In suit against bank by clerk to recover deposit, bank could set off its claim against clerk for money which it was led to pay its customer through its teller on account of clerk's negligence in having overstated balance to customer's credit, bank's claim being "liquidated," Rev. St. 1911, art. 1329, as to set-off of unliquidated demands, not being applicable.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Liquidated.]

2. MASTER AND SERVANT ⬤⟿53—NEGLIGENCE OF CLERK—LIABILITY.

A bank's clerk, who negligently reported a customer's balance, so that the customer drew out more than he was entitled to, was liable to the bank for damages to it through his negligence, regardless of any liability of the customer.

3. DAMAGES ⬤⟿163(2)—NEGLIGENCE OF EMPLOYÉ—REDUCTION OF DAMAGES—BURDEN OF PROOF.

When employer institutes suit against employé for damages through latter's negligence, he is not called upon to prove he could not reduce damages by suit against another, in relation to whom employé's negligence occurred, as that burden rests on the employé.

4. MASTER AND SERVANT ⬤⟿66—ACTION FOR NEGLIGENCE—PARTIES.

In suit against bank by clerk to recover deposit, bank counterclaiming for damages when

its customer withdrew more money than he was entitled to on account of negligence of clerk in stating balance to teller, estate of customer was a proper but not a necessary party.

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by the Commercial State Bank against Edgar Van Hutton. From judgment for plaintiff, defendant appeals. Reversed, and cause remanded.

Taliaferro, Cunningham & Birkhead and Augustus McCloskey, all of San Antonio, for appellant.

Ben P. Lane, of San Antonio, for appellee.

FLY, C. J. This action was begun in the justice's court, where appellee recovered from appellant $100.99, being a deposit made by appellee in the bank. The cause was appealed to the county court, where appellant filed the following pleading:

"And for special answer, and continuing defendant's cross-action heretofore filed in the justice court, this defendant says that plaintiff was in its employ in a clerical capacity in the bank, and that by and through his gross negligence and carelessness J. H. Rittiman, who resided in Bexar county, Tex., and who has been made a party hereto and has duly answered, was permitted to overdraw his account to the extent of and in the sum of $100.20 to the defendant's damage in said sum.

"The acts of the plaintiff herein in causing and permitting the said J. H. Rittiman to overdraw his account in said sum of $100.20 was such misconduct as amounts to treachery, in that plaintiff wholly failed to recognize the duties and responsibilities imposed upon him by his situation and for which he was duly liable, in that, when said J. H. Rittiman or his agent asked the plaintiff in his capacity as clerk for this defendant the amount of his deposit in the bank, the plaintiff gave to the said Rittiman a written memorandum showing that said Rittiman had the sum of $100.20 more to his credit than the books of said bank at that time showed, and the said plaintiff knew at such time that said slip showing the amount of the deposit to the credit of the defendant Rittiman would be relied upon and paid by the paying teller at said bank, and that said paying teller did rely upon the same and did pay out on the check of the said J. H. Rittiman the sum of $100.20 more than he had on deposit in said bank at said time; that said act was inexcusable, in that the books of the bank at that time showed the correct amount due and owing to the said Rittiman to be the sum of $278.29, whereas, the said plaintiff wrote on the slip which he gave to Mr. Rittiman's agent the sum of $379.49, and for which act there can be no excuse except gross negligence or a willful failure to assume the responsibilities of his position."

That pleading was assailed by special exceptions on the ground that appellee's claim was liquidated, "and it appears from said defendant's answer and cross-action that he is attempting to offset and bring cross-action for damage for an uncertain and unliquidated amount growing out of the alleged negligence or tort on part of plaintiff, and not growing out of or connected with plaintiff's cause of action." The exceptions were sustained, and the court rendered judgment in favor of appellee for $100.99.

[1] Article 1329, Rev. St., provides:

"If the plaintiff's cause of action be a claim for unliquidated or uncertain damages, founded on a tort or breach of covenant, the defendant shall not be permitted to set off any debt due him by the plaintiff; and, if the suit be founded on a certain demand, the defendant shall not · be permitted to set off unliquidated or uncertain damages founded on a tort or breach of covenant on the part of the plaintiff."

In this case the suit is founded on a certain demand, and the only question is as to whether the claim of $100.20 accruing to appellant through the negligence of its servant is unliquidated or uncertain and founded on a tort or breach of covenant. The words "unliquidated" and "uncertain" are separated by the disjunctive "or," and it might be implied that each refers to a different class of demand; but the words are practically synonymous. Whenever a claim is liquidated it is "ascertained, determined, fixed, settled, made clear or manifest." Black's Law Dictionary. In other words, when "liquidated" a claim is "certain," and vice versa. As said in a case cited by Black:

"A demand is a liquidated one, if the amount of it has been ascertained—settled—by the agreement of the parties to it, or otherwise." Mitchell v. Addison, 20 Ga. 53.

To the same effect is Jones v. Hunt, 74 Tex. 657, 12 S. W. 832, which adopts a definition given by the Georgia court to the effect that a debt is liquidated "whenever the amount due is agreed upon by the parties or fixed by the operation of law." That was said in a case in which damages arising from conversion were sued for, and it was attempted to offset the damages with amounts shown by promissory note and accounts for merchandise. The suit was for a certain sum converted by defendant, and the court said:

"In the case before us we do not think the amount that plaintiffs were entitled to recover on the establishment of their cause of action was either uncertain or unliquidated. The amount was fixed by law. It could be precisely ascertained by a mathematical calculation and did not depend upon the evidence of witnesses."

So in this case the amount is fixed by law. It is the amount lost by the bank through the negligence of appellee, or it is nothing. It is a fixed, certain, liquidated amount.

The statute does not provide that no claim founded on a tort or breach of covenant can be set off against a certain demand, but only "uncertain or unliquidated damages" founded on such tort or breach of covenant can be so

set off. In other words, to prevent the set-off, the claim must not only be founded on a tort or breach of covenant, but it must also be uncertain or unliquidated. The rule of the civil law is:

"Compensation is a reciprocal acquittal of debts between two persons who are indebted the one to the other."

But as quoted in Howard v. Randolph, 73 Tex. 454, 11 S. W. 495:

"It is not enough to make compensation that there be a debt on the one side and the other, but it is moreover necessary that both the debts be clear and liquid; that is, certain and not liable to dispute."

By the expression "not liable to dispute" is not meant that the debts to be offset are admitted by the respective parties, but that the amount is certain or liquidated. If a party seeks to offset one promissory note against another, either note may be disputed; but, each being certain in amount, one may be set off against the other. The uncertainty in view is as to the amount, which would depend upon the assessment by a court or jury, and not fixed or ascertained. In the case now under consideration, the amount pleaded in offset by appellant was just as certain as that upon which the suit was declared. Appellee in order to recover was compelled to prove that he had money on deposit with appellant, which had been refused him, and appellant to establish his demand had to prove that by his negligence appellee had become indebted to appellant in a certain fixed sum. Harrington Lumber Co. v. Smith, 44 Tex. Civ. App. 363, 99 S. W. 110; Railway v. Hurless, 1 White & W. Civ. Cas. Ct. App. § 582.

[2] The matter of the insolvency of Rittiman, the party who drew the money to which he was not entitled, was alleged, and his estate, he having died, was made a party; but these matters were not necessary to a recovery against appellee for his misfeasance as an employé. He was liable for the damages accruing to his employer through his negligence regardless of any liability upon the part of Rittiman. 18 R. C. L. §§ 270, 271; Mechem on Agency, § 1293.

[3] When the employer institutes a suit against the employé for damages arising from the negligence of the latter, he is not called upon to prove that he could not reduce the damages by a suit against another or otherwise; but that burden must rest upon the employé. It may be, as in this instance, that some one else may also be liable; but, if so, the employé, and not the employer, should be compelled to recoup himself from the other party.

"When the principal shows that through the agent's negligence he has been obliged to pay money, or that his property has been injured or destroyed, it is clear that, unless the agent proves facts that would reduce the apparent damage, the principal can recover the whole amount of his payment, or the whole value of his property. The burden is on the agent to reduce the damages." Sedgwick on Damages, §§ 674–814.

[4] The court in the decree held that the estate of J. H. Rittiman, deceased, was "not a necessary and proper party in this suit," and from his viewpoint that is doubtless a legitimate conclusion, because, if there was no cross-action against appellee, Rittiman was not a proper party. However, this court is of the opinion that the estate, as represented by the independent executrix, was a proper party to the suit, but not a necessary one. Appellee, under the allegations, had caused a loss to appellant of $100.20, independent of the acts of any one else, and appellant has the right to hold him alone liable, and, if he desires to ascertain whether the amount paid to Rittiman can be recovered from his estate, the burden of recovering from the estate should be placed on the negligent servant and not on the unoffending master.

The judgment is reversed, and the cause remanded, to be tried as herein indicated.

