**BIRDSONG et al. v. AZAR et al.** (No. 1571.)

(Court of Civil Appeals of Texas. El Paso. Jan. 24, 1924.)

1. **Set-off and counterclaim ⬤⇒33(1)—Liquidated demand held properly set off against liquidated demand, though not arising out of same transaction.**

In an action for the contract price of specified number of pounds of almonds sold and delivered, defendant's counterclaim for the contract price of named number of pounds of wormy, worthless almonds sold to him by plaintiffs on a different date was a liquidated demand, and could properly be set off against plaintiff's liquidated demand, though not arising out of, incident to, or connected with, the cause of action.

2. **Sales ⬤⇒354(9)—Counterclaim for worthless almonds "thrown away" sufficiently stated disposition thereof.**

In an action for the contract price of almonds, a counterclaim for wormy, worthless almonds, alleging that they had to be thrown away, was not defective as not stating what disposition was made of defective almonds.

Appeal from El Paso County Court at Law; J. M. Deaver, Judge.

Action by S. A. Birdsong and others against E. Azar and others. From a judgment allowing defendants' counterclaim, plaintiffs appeal. Affirmed.

Julian P. Harrison, of El Paso, for appellants.

W. H. Fryer, of El Paso, for appellees.

HIGGINS, J. Appellants sued appellees to recover the sum of $137.25, the alleged agreed price of certain merchandise sold and delivered to appellees on May 27, 1920.

Appellees answered that upon another date they purchased 605 pounds of almonds from appellants at an agreed price of 52 cents per pound, and paid therefor; that afterwards, upon receiving the almonds, it was discovered that 293 pounds of them were so rancid and wormy that they were worthless and unsalable and had to be thrown away; wherefore appellant was indebted in the sum of $151.36 to appellees, which was pleaded in set-off.

Upon trial without a jury the counterclaim of appellee was allowed and set off against the appellant's claim.

[1] Appellant presents the proposition that their suit was upon a liquidated demand, and the counterclaim of appellees could not be set off against it, because it is an unliquidated demand, founded upon a cause of action not arising out of or in any wise incident to or connected with appellants' cause of action. Appellants' proposition is correct, except in so far as it asserts that appellees' counterclaim is unliquidated. The sale of the almonds was alleged and shown to be at the agreed price of 52 cents per pound, and 293 pounds were rancid, wormy, and worthless. Appellees' claim for the value of the worthless almonds at the agreed price of 52 cents per pound is a liquidated demand and could properly be set off against the appellants' liquidated demand. Article 1329, R. S.; Snelling v. Koerner (Tex. Civ. App.) 27 S. W. 887; Harrington Lumber Co. v. Smith, 44 Tex. Civ. App. 363, 99 S. W. 110; Bank v.

Van Hutton (Tex. Civ. App.) 208 S. W. 363; Jones & Co. v. Hunt, 74 Tex. 657, 12 S. W. 832.

[2] Another proposition is that the court erred in overruling an exception to the cross-action, because the same failed to state what disposition was made of the defective almonds. This is without merit, because it was alleged that such almonds were thrown away. Furthermore, if they were worthless, it was immaterial what disposition was made of them.

Affirmed.