## MURCHISON v. LEVY PLUMBING CO.
### No. 3036.

Court of Civil Appeals of Texas. El Paso.
July 19, 1934.

Rehearing Denied July 30, 1934.

Julius H. Runge, of Dallas, for appellant.

Earl A. Forsythe and John C. Read, both of Dallas, for appellee.

PELPHREY, Chief Justice.

Appellee instituted this suit in the county court of Dallas county at law, No. 2, against appellant seeking to recover the sum of $351.-21. In its petition there appeared the following allegations:

"That plaintiff ·is a corporation,. duly incorporated and existing under and by virtue of the laws of the State of Texas, with its principal office and place of business in the City and County of Dallas, State of Texas; * * * * *

"That heretofore, to-wit, on or about the 2nd day of August A. D. 1929, and at various and sundry dates, thereafter, plaintiff at the special instance and request of defendant sold and delivered to him at the several times specified in the account hereto attached, marked Exhibit A., and made a part hereof, certain goods, wares and merchandise in consideration whereof, the defendant then and there promised to pay plaintiff the several sums of money charged therefor in said account specified, amounting to the sum of Three Hundred Fifty-one and 21/100 ($351.21) Dollars; that the goods, wares and merchandise were at the time of the sale and delivery thereof, reasonably worth the several sums of money charged therefor in said account specified, amounting to the sum of $351.21."

Attached to the petition was an affidavit of P. G. Peurifoy, that the account annexed was just and true, due and unpaid, and that all lawful credits had been allowed.

Appellant in his third amended answer and cross-action denied that appellee's account was true and just in whole or in part, and prayed for damages in the sum of $975 for breach of warranty in connection with a sale to him of two Emerson Silent Oil Burners.

Appellee answered by supplemental petition excepting to the allegations of the cross-action and denying the truth thereof.

After hearing, the trial court instructed the jury to return a verdict in favor of appellee for the full amount sued for and against appellant on his cross-action, and judgment was rendered accordingly.

Appellant seasonably filed his motion for a new trial, and while a hearing was being had thereon the court permitted appellee to file a trial amendment setting up the fact that the goods had been sold to appellant by M. W. Levy, trading as Levy Plumbing Company; that appellant had agreed to pay him the amounts as set forth; that, after the debt was incurred, Levy had transferred the account to Levy Plumbing Company, a cor-

poration. The court also permitted Levy to testify that in 1929 he was trading as Levy Plumbing Company; that the Levy Plumbing Company was incorporated in January, 1930; and that he transferred the account against appellant to the corporation.

Appellant duly filed his supersedeas bond, and the cause is now before this court on appeal.

### Opinion.

Propositions 1, 2, and 5 advanced by appellant all attack the trial court's action in instructing a verdict against him on his counterclaim.

His position is that such claim should have been considered because appellee's cause of action was unliquidated; that it grew out of and was incident to appellee's cause of action; and that the question as to whether his claim was incident to or connected with appellee's cause of action, was, at the most, a jury question.

"Liquidated" means adjusted, certain, or settled as to amount. Jones v. Hunt, 74 Tex. 657, 12 S. W. 832.

From the above-quoted portion of appellee's petition he alleged an agreed price, and in addition thereto the reasonable value of the goods, wares, and merchandise.

Under such a state of the pleadings appellant was entitled to plead his offset or counterclaim, and, in case the evidence failed to support the allegation as to an agreed price, to have the same considered. Taylor et al. v. Bewley, 93 Tex. 524, 56 S. W. 746.

The witness Swindoll, who had charge of the books of the Levy Plumbing Company, testified:

"Q. During August and September, 1929, did you have any dealings with C. W. Murchison? A. I did.

"Q. What dealings were they? A. I sold him some plumbing material."

After being shown certain invoices he was asked:

"Q. State whether or not Mr. Murchison agreed to pay Levy Plumbing Company the amounts for these invoices? A. Yes, sir."

On cross-examination he was asked:

"Q. When did you first agree with him on the price? A. There was no agreement about the price.

"Q. Nothing said about the price? A. No, sir.

"Q. He never agreed to any price, did he? A. No, sir, he never said anything about the price. We have one price for everybody. When I carried the bills down to him he never questioned the price. He didn't say they were not fair. * * *"

"Q. He didn't agree on these prices, but just left it to you? A. He sent to us for it.

"Q. He left the prices up to you, did he? A. Yes, sir.

"Q. And you fixed the prices on it? A. Yes, sir, I fixed the prices on it."

This evidence, we think, leads to but one conclusion, and that is that there was no agreement between the parties as to the price, and therefore the claim of appellee was unliquidated. The fact that appellant received invoices without protesting the prices and that he may have, when presented with a bill, agreed to pay it, would not change the claim into a liquidated one. If we be correct in this, then the trial court should have permitted the jury to pass upon the merits of appellant's counterclaim.

The following decisions are authority for holding that under circumstances such as are here revealed the counterclaim should have been entertained as being incident to and growing out of appellee's cause of action. Thorndale Mercantile Co. v. Evens & Lee (Tex. Civ. App.) 146 S. W. 1053; Gillispie v. Ambrose (Tex. Civ. App.) 161 S. W. 937; Maury-Cole Co. v. Lockhart Grocery Co. (Tex. Civ. App.) 173 S. W. 262; Swift v. Roach (Tex. Civ. App.) 266 S. W. 846; Young v. Archer Motor Co. (Tex. Civ. App.) 33 S.W.(2d) 752.

Appellant's contention that the only evidence as to the justness of the account was from interested witnesses, and that, therefore, the question was one for the jury, is not tenable.

The witness Swindoll who testified as to the reasonable value of the goods sold to appellant was merely an employee and not interested to such an extent that the court would not be justified in instructing a verdict on his uncontradicted testimony.

The other questions presented will probably not arise on another trial and need not be discussed.

The judgment of the trial court is reversed, and the cause remanded because of the court's action in instructing a verdict against appellant on his counterclaim.