W. C. HOWARD v. J. L. RANDOLPH, ADMINISTRATOR, ET AL.

No. 6838.

1. **Injunction—Practice.**—Howard obtained a temporary injunction against Randolph, administrator of Britton, restraining the collection of a judgment in favor of Britton & Co., for the purpose of compelling a setoff of the judgment against an unliquidated claim asserted by plaintiff against the intestate of defendant for an alleged breach of warranty of title and possession of certain hotel furniture and a term of years of a hotel. No description of the instrument containing the warranty was in the petition. The defendant answered on oath denying that Britton owned the judgment at his death, and denying the indebtedness. *Held:*

1. The absence of a description of the instrument, the basis of the claim in aid of which the injunction was asked, was fatal to the injunction.

2. That the defendant denied the material facts of Britton's ownership of the judgment and his indebtedness was ground for dissolving the injunction.

3. That the claim asserted by plaintiff being unliquidated and for damages from breach of a covenant, prevented its being offset against the judgment.

2. **Injunction—Damages.**—Upon the dissolution of an injunction and upon a final disposition of the case damages are allowed when the collection of money is enjoined if the court be satisfied that the injunction was obtained only for delay, and unless it be shown that the refusal of damages was wrong the action of the court will not be revised.

APPEAL from Dallas. Tried below before Hon. Geo. N. Aldredge. The opinion states the case.

*McCormick & Spence,* for appellant. — 1. A dissolution of a preliminary injunction does not follow necessarily and of course upon the coming in of the answer denying the material allegations of the bill upon which the injunction issued. 68 Texas, 350; 2 High on Injunc., secs. 1505, 1508, *et seq.;* Satterfield v. John, 53 Ala., 127.

2. Where the questions presented by the bill, and on the decision of which complainant's claim to relief depends, are important and are in process of adjudication between the same parties at law, a motion to dissolve upon bill and answer will be refused. 11 C. E. Green (N. J.), 295; 2 High on Injunc., sec. 1512.

3. Where the answer to a petition for injunction does not deny the allegations of the petition but sets up an affirmative defense by way of avoidance, the injunction will not be dissolved on motion but will be continued to the hearing. Burnley v. Cook, 13 Texas, 586; Hayes v. Billings, 69 Ia., 387; 2 High on Injunc., secs. 1481, 1492; Bedwell v. Thompson, 25 Texas Supp., 247; Ettenborough v. Bishop, 26 N. J. Eq., 262.

4. Where the question involved on an application for a dissolution is not a question of fact but one of law, such that the answer can not deny the equity of the injunction so as to bring the case within the established rule to entitle the defendant to a dissolution, the motion will be refused although the injunction may be modified to meet the exigencies of the

case. 2 High on Injunc., sec. 1491; Boston F. Co. v. New Jersey Zinc Co., 2 Beas., 215.

*Crawford & Crawford,* for appellees.—1. We find no case in this State where an offset against an administrator has been allowed. In all cases the plaintiff must set out fully the condition of the estate and show that his is the only claim against it. If there are other creditors the nature and character of their claims must be stated. Alford v. Smith, 40 Texas, 77; Atchison v. Smith, 25 Texas, 231; Rabb v. Smith, 40 Texas, 89; Hall v. Hall, 11 Texas, 533.

2. No setoff can be allowed against an administrator, for where the estate is insolvent the rights of all parties interested in the estate become fixed at the death of the intestate. Bosler's Admr. v. Exchange Bank, 4 Pa. St., 32; S. C., 45 Am. Dec., 665.

3. When a demand is on one side in judgment and there is on the other an uncertain claim depending upon the settlement of accounts, these accounts are not the subject of setoff, and a stay of execution on the one demand will not be granted until the other is settled and in a condition to be setoff. Wat. on Setoff, sec. 319.

A setoff is not allowed where the demand is for uncertain damages arising from a breach of covenant. The rule is the same in equity as at law. Duncan v. Lyon, 3 Johns. Ch., 351. Nor where the setoff would be the cause of a new dispute. Wat. on Setoff, sec. 28.

An agreement to allow an attorney a certain per cent upon the amount of a claim placed in his hands gives him a lien on the fund to that extent. Wylie v. Coxe, 15 How. (U. S.), 417. And this right is superior to that of the judgment debt or to set off a judgment acquired against the client. Diehl v. Friester, 37 Ohio St., 477; Puett v. Beard, 44 Am. Rep., 281.

4. Where an injunction is sought ex parte the petition should state all the material facts bearing upon the subject matter in controversy. The party applying has no right to omit or withhold any fact or document important for the court to know or see, and the court will on being apprised of such omission dissolve the injunction, and may discharge the order for the writ and direct that matters be returned to their former condition. High on Injunc., secs. 1474, 1575; Black v. Huggins, 2 Tenn. Ch., 780; Endicott v. Mathis, 9 N. J. Eq., 110; Stoddard v. Valandingham, 14 Kan., 35; Crawford v. Wingfield, 25 Texas, 414.

STAYTON, CHIEF JUSTICE.—On April 13, 1885, J. H. Britton & Co., a partnership composed of J. H. Britton, John T. Long, and W. E. Kennedy, recovered a judgment against W. C. Howard for $2700, which on appeal was affirmed on May 29, 1888.

An execution issued under that judgment and Howard now seeks to

restrain its enforcement. Britton died after the rendition of the judgment and the appellee, Randolph, was appointed administrator of his estate.

As grounds for injunction appellant alleges that Britton before his death became the owner of the judgment; that his estate is insolvent, and that he was indebted to appellant at the time of his death in the sum of $5833.33, through which in the way of setoff he seeks to have the judgment satisfied.

The petition does not fully describe the character of the claim appellant asserts against the estate of Britton, but the record shows that his claim is for damages alleged to have resulted from a breach of covenant contained in an agreement made between Britton and Howard.

By that agreement Britton obligated himself to make title to and give immediate possession to Howard of certain furniture; and further, to "make or cause to be made unto the said W. C. Howard, his executors, administrators or assigns, a good, valid, and sufficient lease for the term beginning July 25, 1881, and ending June 15, 1885, with warranty of title and possession and right to possess from July 25, 1881, until June 15, 1885, in and to all that portion of the Grand Windsor Hotel property, Dallas, Texas, described in the lease of W. E. Hughes to W. H. Whitla, dated June 15, 1880, and now of record in the record of deeds of Dallas County, to which reference is here made, then this obligation to be void, otherwise to remain in full force and effect."

Appellant claims that this contract was violated, in that he was not permitted to have the use of the hotel property therein referred to for the time intervening the 20th December, 1884, and June 15, 1885, and he claims for this from the estate of Britton the sum of $5833.33, which is made up of an estimate of the value of that use, the same being fixed by him at the rate of one thousand dollars per month.

On July 9, 1888, he made out an account for this against the estate of Britton, which he credited with the amount of the judgment obtained by Britton & Co. against him, and this presented to the administrator for allowance, but it was by him rejected, and thereupon he instituted an action against the administrator, and his purpose now is to restrain the collection of the judgment in favor of Britton & Co. until the action brought by him is decided.

In that action he seeks to have the sum due on the judgment in favor of Britton & Co. placed as a credit on the claim asserted against the administrator of Britton's estate.

The defendants denied under oath that Britton's estate at the time of his death owned any interest in the judgment in favor of Britton & Co. other than such as he held as a partner, but alleged that in adjustment of a debt due to the estate by Kennedy the latter, after the death of Britton, transferred his interest in that judgment to the administrator.

They further expressly denied that the estate of Britton was in any manner indebted to Howard, and alleged that the claim asserted by Howard against the estate of Britton was finally adjudicated in the action in which the judgment in favor of Britton & Co. against appellant was rendered.

There was a prayer in the answer for dissolution of the injunction, and upon a hearing on this the injunction was dissolved, after which appellant dismissed his suit and gave notice of appeal.

In considering the application to dissolve the injunction much evidence was introduced bearing on the question whether the claim asserted by Howard against the estate of Britton was adjudicated in the action brought by Britton & Co. against Howard, but in the view taken of the cause no inquiry is necessary on this branch of the case. The condition of the partnership business of the dissolved firm of Britton & Co. is not alleged.

The material averments of the petition for injunction are that Britton at the time of his death was the owner of the judgment rendered in favor of Britton & Co.; that Britton was indebted at the time of his death to Howard in a sum larger than that due on the judgment in favor of Britton & Co., and that the estate of Britton was wholly insolvent.

The answer sworn to denies that Britton was the owner of any interest in the judgment in favor of Britton & Co. greater than a one-fourth interest, and denies that Britton was indebted to Howard in any sum whatever, and admits the insolvency of his estate.

The injunction was granted ex parte, and although the petition was sworn to, it should have been refused when it appeared that there was a writing on which Howard based his claim that the estate of Britton was indebted to him, there being no description whatever of the instrument contained in the petition.

The averment of the petition was "that at the time of his death said J. H. Britton was indebted to plaintiff in a large sum, to-wit, the sum of five thousand eight hundred and thirty-three dollars and thirty-three cents, which said indebtedness was evidenced by a writing obligatory of the said J. H. Britton to plaintiff herein, and plaintiff avers that said indebtedness is still a valid and subsisting claim against the estate of said J. H. Britton."

The court should have been informed what the writing obligatory was, and in granting the injunction the judge acted on the sworn opinion of Howard as to the legal effect of the writing.

In this state of the pleading the sworn denial by the administrator that Britton was indebted in any sum to Howard, though but the statement of a conclusion it may have been, must be deemed a sufficient denial of indebtedness, and as this was at the very foundation of appellant's

right to the relief he sought, the injunction ought to have been dissolved even though Britton had been shown to be the owner of the judgment in favor of Britton & Co. at the time of his death and his estate insolvent.

Appellant, failing to state the facts on which the right claimed rested, sought an injunction upon his own sworn opinion that an indebtedness existed, and this was positively and unequivocally denied by the answer.

At most opinion stood against opinion, and the injunction was properly dissolved on the answer which was responsive to the material averments of the petition, and that there were matters defensive set up in the answer not responsive to the averments of the petition is a matter of no consequence.

If appellant desired to controvert the averments of the answer responsive to the petition he should have permitted the cause to stand for trial on the merits, and having refused to do so he can not now question the truthfulness of the answer.

There is, however, another ground on which the injunction was properly dissolved. It has been held in this State that one indebted to a deceased person at the time of his death could setoff a debt due to him by the intestate in an action brought against him by the administrator of the estate of the deceased. Morton v. Gordon, Dall., 400.

This is upon the theory that the one debt extinguishes the other and operates as a payment, but the rule is applicable only when the mutual demands are of such character that under the statute the one may be pleaded in setoff to the other.

The statute provides: "If the plaintiff's cause of action be a claim for unliquidated or uncertain damages founded on a tort or breach of covenant the defendant shall not be permitted to setoff any debt due him by the plaintiff, and if the suit be founded on a certain demand the defendant shall not be permitted to setoff unliquidated or uncertain damages founded on a tort or breach of covenant on the part of the plaintiff." Rev. Stats., 649.

This statute was construed in Duncan v. Magette, 25 Texas, 245, and in other cases.

The meaning of the words used in the act were determined in the case cited, in which it was held that the insolvency of a plaintiff furnished no reason why the defendant should be permitted to assert an unliquidated claim found on tort or breach of covenant against a certain demand urged by a plaintiff.

Were this an action between J. H. Britton and appellant based on the judgment rendered in favor of Britton & Co., of which the former had become the owner, it is evident that appellant could not be permitted to set up the claim which he is urging against Britton's estate to defeat a recovery, and vice versa, for the appellant's claim is for unliquidated damages growing out of an alleged breach of covenant.

No rule more favorable to appellant can be maintained in a case in which he is seeking to enforce an unliquidated claim against Britton's estate than could be were he seeking to assert such a claim against Britton were he alive.

Appellant has no power or right by his own act to divest the administrator of the estate of Britton of his right to enforce the payment of the judgment rendered in favor of Britton & Co. by giving credit for the amount of it on his unliquidated claim, now in suit in another court; nor has that court the legal power in that action to make the adjustment of their respective claims, as appellant alleges he is seeking to have made. This being so, it would be more than useless to continue in force the injunction, in this case improperly granted, until the court in the other cause may render a judgment, from which if properly rendered appellant can not have the relief which he seeks.

We see no reason if the statute would permit it for extending the rule asserted in Morton v. Gordon, within which appellant does not bring his case.

The rule in that case is a partial application of the civil law theory of compensation, through which, whenever there are mutual debts, the law strikes a balance between the parties and the relation of debtor and creditor only existed for the balance in favor of the one or the other.

That rule however is not in force in this State, and has never been applied in its entirety unless it be in cases of running accounts between parties. Holliman v. Rogers, 6 Texas, 98.

"Compensation is a reciprocal acquittal of debts between two persons who are indebted the one to the other," but its application would not reach appellant's case, for "it is not enough to make compensation that there be a debt on the one side and the other, but it is moreover necessary that both the debts be clear and liquid—that is, certain and not liable to dispute. Thus one can not compensate with a clear and liquid debt a debt that is litigious nor a pretension that is not settled." Domat's Civil Law, 2289, 2296. The latter rule is the basis of the statute in force in this State, found in article 649, Revised Statutes.

After the appellant had "dismissed" his suit, which the judgment declares that he did on the dissolution of the injunction, appellees asked the court to award ten per cent damages against him for delay, but this the court below refused to award, and this ruling appellee assigns as error.

The statute authorizes the imposition of such damages on final hearing when the collection of money has been enjoined "*if the court be satisfied that the injunction was obtained only for delay.*"

The court below was evidently not satisfied that the injunction was obtained only for delay, and if his ruling in this respect may be re-

vised by this court, as this case is presented by the record we do not feel authorized to hold that the ruling was wrong.

The judgment of the court below will in all things be affirmed.

*Affirmed.*

Delivered April 9, 1889.

Justice Henry did not sit in this case.