NELSON et al. v. SAN ANTONIO TRAC-
TION CO. et al.†

(Court of Civil Appeals of Texas.   San An-
tonio.   Dec. 13, 1911.   Rehearing
Denied Jan. 10, 1912.)

1. CONTRACTS (§ 261*)—CONSTRUCTION.

Where a contract for the construction of
a pavement provided for payment in install-
ments, the last to be paid when the work was
completed, and required the contractor to re-
pair and keep the pavement in order for 10
years, the failure of the promisor to make the
last payment did not excuse or release the
contractor from his undertaking to maintain
the pavement, but merely gave him a right of
action immediately for the balance.

[Ed. Note.—For other cases, see Contracts,
Cent. Dig. §§ 1174–1180; Dec. Dig. 261.*]

2. LIMITATION OF ACTIONS (§ 50*) — CON-
TRACTS.

Where a contract for the laying of a pave-
ment required the contractor to maintain and
repair it for 10 years, and the contractor, when
the pavement was completed, refused to main-
tain the pavement, the contract might be treat-
ed as a continuing one, and the refusal dis-
regarded; and hence the statute of limitations
would not run from the date of the refusal,
but from the date of the defaults in repairing
the pavement.

[Ed. Note.—For other cases, see Limitation
of Actions, Cent. Dig. §§ 273–279; Dec. Dig. §
50.*]

3. LIMITATION OF ACTIONS (§ 129*) — SET-
OFFS—UNLIQUIDATED CLAIM.

In an action upon a contract, where de-
fendants' claims against plaintiff were unliqui-
dated, they did not extinguish pro tanto the
claim sued on, for a set-off is not effected, as
a matter of law, where it is for unliquidated
damages; and hence limitations continued to
run against such claims, despite the action, un-
til pleaded.

[Ed. Note.—For other cases, see Limitation
of Actions, Cent. Dig. § 552; Dec. Dig. § 129.*]

4. LIMITATION OF ACTIONS (§ 128*)—MATTERS
OF DEFENSE.

Matters of defense, though pleaded in the
form of a set-off or counterclaim, may be set
up at any time before trial, without being sub-
ject to the running of the statute of limitations
during the pendency of the action.

[Ed. Note.—For other cases, see Limitation
of Actions, Cent. Dig. § 551; Dec. Dig. §
128.*]

5. CONTRACTS (§ 83*)—ACTIONS—FAILURE OF
CONSIDERATION.

Where a contract required the laying of a
pavement and its maintenance for 10 years,
in consideration of a stipulated price, failure
of the contractor to maintain the pavement was
a failure of consideration.

[Ed. Note.—For other cases, see Contracts,
Cent. Dig. §§ 388–398; Dec. Dig. § 83.*]

6. PLEADING (§ 87*)—CONSTRUCTION.

Where a defendant pleaded as a set-off or
counterclaim matter which in reality was a de-
fense, the form of the pleading made no differ-
ence; for the law looks upon what a pleading
contains, and not what it may be called.

[Ed. Note.—For other cases, see Pleading,
Cent. Dig. § 180; Dec. Dig. § 87.*]

7. APPEAL AND ERROR (§ 192*) — REVIEW —
PRESENTATION OF GROUND OF REVIEW IN
COURT BELOW.

Where a pleading setting up the failure of
consideration, though not sworn to as required
by the statute, was not objected to at the trial,

its sufficiency in that respect cannot be ques-
tioned on appeal.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 1221–1225; Dec. Dig. §
192.*]

Appeal from District Court, Bexar County;
Arthur W. Seeligson, Judge.

Action by the Parker-Washington Com-
pany against J. P. Nelson and another, and
defendants sought cross-relief against the
San Antonio Traction Company.   From a
judgment against defendants on their cross-
bill, they appeal.   Affirmed.

Denman, Franklin & McGown, for appel-
lants.   Templeton, Brooks, Napier & Ogden,
for appellees.

JAMES, C. J.   This suit was brought on
May 22, 1905, by the Parker-Washington
Company against J. P. Nelson and others to
recover the price which Nelson had agreed
to pay plaintiff, as his subcontractor, for cer-
tain work done for the San Antonio Traction
Company under Nelson's contract with it,
and to foreclose a mechanic's lien upon the
property of said traction company.   Other
defendants in this petition were the Nelson
Paving Company and the San Antonio Trac-
tion Company and the Uvalde Asphalt Com-
pany.   Nelson and the Nelson Paving Com-
pany filed a cross-action to recover against
the traction company for what was due un-
der Nelson's contract with said company,
and to foreclose a mechanic's lien on the lat-
ter's property.   The traction company de-
fended against said actions, upon the ground
that the work done by the Parker-Washing-
ton Company was not in accordance with
Nelson's contract with it, and claimed that
it had paid more for the work done than it
was reasonably worth; and it also, on Jan-
uary 3, 1911, filed a cross-action against Nel-
son and the Nelson Paving Company for
breach on his contract with it.   The case
was determined by the trial court in special
findings of the jury, supplemented with find-
ings by the trial judge.

The case comes here narrowed down to is-
sues of law which concern solely the traction
company and Nelson.   It is therefore un-
necessary to state in this opinion more from
the voluminous record than is necessary to
elucidate those issues.

Nelson, on January 3, 1901, entered into a
contract with the San Antonio Traction Com-
pany to lay for it the certain asphalt pave-
ments in controversy here, and to maintain
and repair the same for a period of 10 years.
He assigned this contract to the Nelson Pav-
ing Company.   On October 26, 1901, he and
the Nelson Paving Company, by subcontract,
turned the work over to the Parker-Washing-
ton Company, and the Parker-Washington
Company laid the pavement in controversy,
completing the same December 20, 1901.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes
† Writ of error denied by Supreme Court February 14, 1912.

The traction company had agreed to pay Nelson certain prices, partly as the work progressed, and balance when the work was completed. The bulk of the price was paid during the progress of the work, but when completed the traction company refused to make the final payment.

Nelson and the Nelson Paving Company had agreed to pay the Parker-Washington Company the price named in their contract, and whenever Nelson received payments from the traction company they were turned over to the Parker-Washington Company; but when it came to the final payment he refused to pay the Parker-Washington Company, claiming that the money was not due from him until he was paid by the traction company; and Nelson announced that he refused to be bound by his contract to maintain the pavement, and claims that his contract with the traction company to do so was discharged or terminated by said company's breach of its contract in refusing to make the final payment.

The findings, so far as material to this appeal, were: That the work when completed was in accordance with Nelson's contract; hence no valid reason existed in fact for the traction company's refusal to make the final payment when it was due. That Nelson was entitled to recover from it the sum of $18,516.52; this being the balance of, the contract price ($11,819.51), with interest thereon to the date of the decree. There was also a finding that the San Antonio Traction Company was entitled to recover on its cross-action against Nelson and the Nelson Paving Company the sum of $15,714.40 and $3,491.20, interest thereon to date of decree, making $19,205.60, for breach of Nelson's contract to maintain. The above allowance to the traction company resulted in a judgment being rendered in favor of said company against Nelson and the Nelson Paving Company for the difference—$689.08.

The appellants here are J. P. Nelson and the Nelson Paving Company, who assign as error:

"First. That the court erred in not rendering judgment for appellants against the traction company for the sum of $18,516.52, principal and interest, due J. P. Nelson at the date of the decree * * * for the work done by Nelson for the San Antonio Traction Company under his contract of January 3, 1901, through the Parker-Washington Company as subcontractors.

"Second. That the court erred in rendering judgment against J. P. Nelson and the Nelson Paving Company in favor of the San Antonio Traction Company upon its cross-action against them, and in not rendering judgment that the San Antonio Traction Company take nothing by its suit and cross-action against the defendants J. P. Nelson and the Nelson Paving Company, for the reason that J. P. Nelson was discharged from this contract to the work under the

contract of January 3, 1901: (1) By the failure of the San Antonio Traction Company to perform its part of the contract by paying for said work at the times and in the manner provided therein; and (2) by limitation—the cause of action of the San Antonio Traction Company against J. P. Nelson for the breach of the contract of January 3, 1901, to guarantee, maintain, and repair the work covered thereby, accrued more than four years prior to the filing of the cross-action herein by the San Antonio Traction Company to recover for said breach, and is barred by the statute of limitation of four years."

Under the first assignment, appellants' proposition is in effect that, the jury having found that the work was done according to the contract, the refusal of the traction company to pay the balance then due, in accordance with the terms of the contract, discharged Nelson's obligation to maintain. The assignment, the proposition, and the brief of this assignment may not with clearness present the point as we have just done, but, if that is not appellants' contention, then we are at a loss to know what it is.

[1] The provision of the contract on this subject reads as follows: "The contractor agrees to guarantee the pavement for a period of ten (10) years from the date of acceptance, which shall be when open to traffic, and during said period all defects in said pavement upon notice from the railway company or the city engineer or city council, shall be immediately repaired by the contractor at his own cost and expense and free of cost to the railway company or to the city of San Antonio, said contractor agreeing that before he shall receive any money on this contract he will furnish to the railway company a bond in the sum of seventeen thousand dollars ($17,000.00) to be guaranteed by some surety company acceptable to the railway company, conditioned that said contractor shall faithfully maintain said pavement for said period of ten (10) years, and shall pay all costs of repairing the pavement to be constructed hereunder during the said period of ten (10) years. The repairs shall be made at the time and in the manner and under the conditions specified in the contract of the city of San Antonio with the Parker-Washington Company."

Nothing is found in the contract which conditioned the above obligation upon compliance by the traction company of its obligations to make payments in accordance with the contract. The fact is that the contract price it was to pay for the work amounted to $93,554.30, and it had paid during the progress of the work all but $11,819.51.

We are of opinion that the default of the traction company in making the final payment did not operate to release Nelson from his undertaking to guarantee the maintenance of the pavement. It gave him a right

of action immediately against the traction company for the balance, and the latter could be compelled at his suit, as has been done in this proceeding, to pay him with interest. There is no basis for a contention that Nelson's agreement to repair for 10 years was dependent for its existence or continued existence upon payments being made at the times specified in the contract. Nelson is asking for the complete payment of the consideration for his contract, which was to do the work and to maintain it for 10 years. For the amount to be paid him, he agreed, not only to do the work, but to maintain it afterwards. He certainly is in no position to require the traction company to pay said consideration to the last cent, and deny his obligation to fully perform that which he was to do for such consideration.

[2] The other question is the effect of the statute of limitations, if any, upon the cross-action of the traction company for its expenditures in maintaining the pavement since the completion of the work. Nelson began his action on May 22, 1905, for the balance due him by the traction company. The traction company filed its cross-action on January 3, 1911, asserting its right to recover under the contract of maintenance, and the findings are that for repairs made from year to year, inclusive of the year 1910, said traction company was entitled to recover the aggregate sum of $15,714.40 with $3,491.20 interest to the date of the decree, and the court offset this against Nelson's recovery, and gave the traction company judgment for the difference. Appellant's point is that limitations had barred the traction company's right to recover on the contract of maintenance.

In this connection, appellant contends that Nelson's unqualified refusal to be bound by his contract to maintain, announced by him on December 24, 1902, matured the traction company's right of action for damages for breach of that undertaking, and that, after four years therefrom, all right of action thereon was barred. With this we do not agree. The covenant to maintain was a continuing one for 10 years, and was to be performed at any and various times during said period. Nelson bound himself to do the original work, and bound himself, in addition, to sustain the cost of maintaining the work for 10 years. He, or those who did the work in his behalf, in February, 1902, had substantially performed the contract as to the work, according to the findings. This was separate and independent of the contract for subsequent maintenance. Nelson was bound, not only to do the repairs called for on December 22d, and which he refused to do by his written reply in which he stated that he did not recognize any obligation on his part to do any part of the repair work specified in the demand, but was ob-

ligated to make repairs throughout said period of 10 years. It appears, also, from the findings that during the progress of the work Nelson had declared that he would not maintain the work.

We are of opinion that the traction company was not required to deal with Nelson's refusal as absolutely maturing its entire cause of action, based on his contract to maintain. If it had the right to elect to treat his contract as a continuing one, which it distinctly was, and to deal with such default during the 10 years as a separate cause of action, which it clearly had the right to do, its reasons for not electing to sue for its entire damages, past and future, upon the original refusal would be immaterial. A very patent reason would be the impracticability of then arriving at the prospective damages. The traction company, we think, had the right to ignore the refusal of Nelson as having the effect he desired, and as his counsel now claim it had, to wit: That of terminating the continuity of his contract to maintain, and obliging the traction company to treat that part of his contract as finally breached. This view accords with what is stated in Greenwall v. Markowitz, 97 Tex. 486, 79 S. W. 1071, 65 L. R. A. 302, with reference to a contract to perform at a future time: "The promisee, if he pleases, may treat the notice of intention as inoperative, and await the time when the contract is to be executed, and then hold the other party responsible for all the consequences of nonperformance." This language is peculiarly applicable to the conditions of this case.

We conclude from this discussion that limitation is not to be reckoned from the date of such refusal, but, at most, from the several defaults of Nelson in respect to his said contract to repair as they occurred. The result is that so much of the repairs found by the jury as occurring within four years prior to the filing of the cross-action cannot be affected by limitations. These items amounted to $5,895.31, which, with interest at 6 per cent. in the manner computed by the trial judge to January 19, 1911, would amount to $6,222.80, approximately.

We will now consider the question whether or not the court erred in holding that the statute ran at all against what was set up in the cross-action.

[3] The traction company's claim was unliquidated, and for this reason the existence of its items would not operate by force of law to extinguish pro tanto the claim sued on, as would be in the case of liquidated mutual accounts, and the like. Howard v. Randolph, 73 Tex. 459, 11 S. W. 495. The decisions do not support the view that set-off is effected by operation of law, where the matters set up by the defendant are for unliquidated damages.

[4] But it is evident that where the matter pleaded, though pleaded in the form of

set-off or counterclaim, is in its nature a defense to the action, it may be set up at any time before the trial, and is not subject to the statute.

[5] Examining the pleadings of the traction company we find that the allegations, in substance, present a case of failure of consideration. The contract between Nelson and the traction company was that Nelson should do the work of paving, and also the repairing thereof for 10 years, in consideration of the stipulated price. He was suing for the balance unpaid of the stipulated price. He had failed to perform a material part of the consideration by refusing to do any repairs. This failure was, to the extent it went, a failure of consideration in respect to that for which he was suing. In fact, according to the findings, such failure went to the entire sum he was suing for and further. Could such nonperformance on his part of the consideration have been asserted as a failure of consideration? The answer, it seems to us, must be in the affirmative.

[6, 7] The fact that the matter was not presented in the form of a plea of failure of consideration makes no difference. The law looks upon a pleading for what it contains, not for what it may be called. Independently of the aid of the statute authorizing claims to be set up, arising out of, or incident to, or connected with, plaintiff's cause of action, this matter pleaded here was, in our opinion, available as a defense to the cause of action asserted by Nelson. It is true that the pleadings were not sworn to, as the statute requires for pleas of failure of consideration, but their sufficiency in that respect was not questioned at the trial. Williams v. Bailes, 9 Tex. 61.

For the above reasons, we think the court did not err in denying effect to the statute of limitations. Lewis v. Turnley, 97 Tenn. 197, 36 S. W. 872.

The judgment is affirmed.