**PEARSON et al. v. BLACK et al.**

No. 1793.

Court of Civil Appeals of Texas. Eastland.

May 14, 1937.

Rehearing Denied June 11, 1937.

Conner & Conner, of Eastland, and L. R. Pearson, of Ranger, for appellants.

Ben J. Dean, of Breckenridge, for appellees.

GRISSOM, Justice.

This is an appeal from an order granting a temporary injunction without a hearing.

Appellees' verified petition alleged that plaintiffs (appellees) were the owners in fee simple of the surface of a described 40-acre tract of land; that in 1911 said land was leased to the Texas Company "for oil and gas purposes, the lease providing generally for the right to explore and develop the same for oil and gas and providing for the right of assignment * * *"; that about 1920 the Texas Company assigned said lease to J. W. Link; that it was later assigned to Link Oil Corporation; that about 1920 Link Oil Corporation drilled a well thereon for oil and gas purposes and placed therein oil well casing, built a rig over the well, and discovered gas; that the well produced gas until January 1, 1932, since which time it has not produced gas or oil; that since January 1, 1932, the well has stood idle; that none of the defendants have been in charge of it; that since said date Link Oil Corporation has made no attempt "to produce oil or gas from said well, or to do anything calculated or intended to produce oil or gas, and that they have utterly abandoned the same and failed and refused to develop the lease * * *"; that about June 1, 1935, the rig blew down and has so remained; and that no pumping machinery has since been placed at the well and nothing done to produce oil or gas from the lease. Plaintiffs further alleged that after the well ceased to produce Link Oil Corporation had a reasonable time within which to remove the casing and rig; that no one had attempted to do so prior to three days before filing of plaintiffs' petition on March 28, 1937; that a reasonable length of time having expired since the production of oil or gas that none of the defendants now have a right to remove the casing and rig; that said casing for more than five years has belonged to plaintiffs by virtue of abandonment thereof on plaintiffs' land; that plaintiffs were entitled to the casing in place in the well; that plaintiffs own most of the minerals in the land and are entitled to use the casing in the well for further exploration and development of the well.

The plaintiffs then alleged that the defendants Pearson and Jensen, on March 27, 1937, had removed some of the casing and would remove the remainder if not restrained. Plaintiffs prayed for a temporary in-

junction restraining defendants Pearson and Jensen from removing the casing and rig, and for judgment for title and ownership of the casing and rig, and, in the alternative, for judgment for value of casing removed, etc.

The court, without a hearing, granted a temporary injunction restraining Pearson and Jensen, as prayed for.

Appellants contend that appellees' petition is insufficient as a basis for the writ of injunction and is subject to a general demurrer.

The requirements of a petition for injunction were stated by the Supreme Court in Gillis v. Rosenheimer, 64 Tex. 243, 246, as follows:

"* * * the petition must negative the fact that the defendant may have the right or remedy, the exercise or assertion of which is disputed, and which a court of equity is invoked to prevent him from maintaining. *The petition for injunction should state all, and negative all, which is necessary to establish a right.* The rule is correctly stated in Harrison v. Crumb, White & W. Civ.Cas.Ct.App. [§ 991] § 992, as follows: 'The rule of pleading, that the statements of a party are to be taken most strongly against himself, is re-enforced in injunction suits by the further requirement that the *material and essential elements which entitle him to relief shall be sufficiently certain to negative every reasonable inference arising upon the facts so stated, from which it might be deduced that he might not, under other supposable facts connected with the subject, thus be entitled to relief.'* See Carter v. Griffin, 32 Tex. 212; Martin v. Sykes, 25 Tex.Supp. 197; Forbes, Brooks & Co. v. Hill, Dall.Dig. 486; Ballard v. Rogers, Dall.Dig. 460; Smith v. Frederick, 32 Tex. 256." (Italics ours.)

In Emde v. Johnson (Tex.Civ.App.) 214 S.W. 575, 578 (writ ref.), the rule is stated to be: "In a petition for injunction, the averments of material and essential elements must be sufficiently certain to negative every inference of the existence of facts under which petitioner would not be entitled to relief."

In Town of Refugio v. Strauch (Tex.Com. App.) 29 S.W.(2d) 1041, 1045, it was said: "Under the rules of equity, in order to state a cause of action, it is necessary for the pleading to show every essential fact affirmatively to entitle the petitioner to the injunctive relief sought in this case."

Also see Mayer v. Kostes (Tex.Civ.App.) 71 S.W.(2d) 398, 400 (writ ref.); Birchfield v. Bourland (Tex.Civ.App.) 187 S.W. 422; San Jacinto Life Ins. Co. v. Brooks (Tex.Civ.App.) 274 S.W. 648; Wertheimer v. Walker (Tex.Civ.App.) 96 S.W.(2d) 831, 833; 24 Tex.Jur. §§ 168, 169, p. 223 et seq.

"Manifestly this rule should apply where the sole basis of the trial court's order is the allegations of the petition, which in such event perform the functions of both pleading and evidence." Johnson v. Ferguson (Tex.Civ.App.) 55 S.W.(2d) 153, 160 (writ dism.)

■ As heretofore shown, plaintiffs alleged that the land was leased in 1911 to the Texas Company; that about 1920 the lease was assigned to Link and then to the Link Oil Corporation; that said corporation drilled a well, which well produced gas until 1932. See 15 Texas Law Review, 389, 7 Texas Law Review, 480. There is no affirmative allegation as to the interest, or lack of interest, of Pearson and Jensen in the lease, or the oil well casing and rig. The lease to the Texas Company which is apparently, together with the assignments thereof, the basis of any rights of the defendants in and to the leased premises, and the casing and rig, is not set out in the petition, nor are the material terms and provisions thereof alleged. The requirements of said contracts as to what the lessee, or assigns, were to do to keep the lease in effect, are not alleged. Nor are the provisions, if any, as to forfeiture of the lease alleged. Nor is it shown whether or not there is a provision in the lease as to the right to remove the equipment from the lease, nor the time within which it might be removed. It is alleged that the lease was executed in 1911. The duration of the lease is not alleged. The lease may have provided for a long period of time, including the present, during which time it was to continue in effect regardless of production. Within the rule it might reasonably be supposed that the lease provided that upon the discovery of gas it should "continue so long thereafter as [gas] *can* be produced in paying quantities" as did the lease discussed in Hanks v. Magnolia Pet. Co. (Tex. Civ.App.) 14 S.W.(2d) 348, 349, affirmed (Tex.Com.App.) 24 S.W.(2d) 5. Thornton's Law of Oil & Gas (3d Ed.) § 149, p. 24.

In Howard v. Randolph, 73 Tex. 454, 457, 11 S.W. 495, 496, the Supreme Court, in an

opinion by .Chief Justice Stayton, used the following language:

"The injunction was granted ex parte, and, although the petition was sworn to, should have been refused when it appeared that there was a writing on which Howard based his claim that the estate of Britton was indebted to him; there being no description whatever of the instrument contained in the petition. * * *

"The court should have been informed what the writing obligatory was, and in granting the injunction acted on the sworn opinion of Howard as to the legal effect of the writing."

Under facts somewhat similar to the facts of the present case, it has been held that for plaintiffs' petition for injunction to comply with the rule stated "the entire contract should have been set out in the petition." Chas. F. Noble Oil & Gas Co. v. American Ref. Co. (Tex.Civ.App.) 248 S.W. 451, 453.

In City of Ft. Worth v. First Baptist Church (Tex.Civ.App.) 268 S.W. 1016, 1021, it was held that a petition for injunction which failed to state the *duration* of the contract relied on as a basis for the relief sought was insufficient.

In Shell Pet. Corp. v. Burnett (Tex.Civ. App.) 91 S.W.(2d) 1091, 1094, Burnett sought to set aside an order of the Railroad Commission denying him a permit to drill an oil well on a 175-acre tract and to enjoin said commission from interfering with the production, etc. The court held plaintiff's petition should have "negatived that the alleged lease * * * was not a voluntary subdivision of a larger tract of land capable of development as a whole, and without this allegation the petition was fatally defective." See 24 Tex.Jur. § 176, p. 232.

■ In a suit for injunction, the allegations of fact should be direct, certain, and particular and, if they are in this respect insufficient, we think the defect is not corrected by the addition of conclusions of either fact or law. 24 Tex.Jur. § 169, p. 224. We think the rule should certainly be applied where, as in this case, the only evidence presented to the judge is the verified petition. Under such conditions the petition should not be sustained where contracts which are the basis of the rights of the parties are neither set out nor the material provisions thereof alleged. If neither such contracts nor their material provisions are alleged, the judge in granting an ex parte injunction is necessarily acting on plaintiffs'

opinion as to the legal effect of the contracts. Howard v. Randolph, 73 Tex. 454, 457, 11 S.W. 495.

We are of the opinion that the allegations of fact in the petition are insufficient to meet the test of the established rule herein quoted and, therefore, were insufficient to warrant issuance of the temporary writ of injunction. Therefore, the order granting the writ is reversed.