### DAVIS et al. v. TURNER et al.
### No. 11219.

Court of Civil Appeals of Texas. Galveston.
Feb. 20, 1941.

See, also, Tex.Civ.App., 145 S.W.2d 258.

J. G. Howard and H. J. Nichols, both of Houston, for appellants.

No brief was filed herein in behalf of appellee, but J. Meek Hawkins, of Houston, appeared and presented oral argument in appellees' behalf.

GRAVES, Justice.

M. Kelley, Van Collins and R. Davis, as appellants, complaining of Ben Turner, Olivia Turner, Julia Franklin, Ned Weathers, E. L. Flenoury, A. Joseph, C. A. Alexander, J. C. Connor, James Coleman, Ed Bedford, C. Butler, L. Freeman, Pink Waiters, Wayne Johnson, Walter Johnson, and J. Wartell, as appellees, pursuant to the provisions of R.S. Article 4662, challenge this order of temporary injunction, granted against them in appellees' favor, to-wit: "This cause having come on for trial before the 113th District Court on December 19, 1940, upon temporary injunction, and the Court having heard evidence showing to the satisfaction of the Court that a real controversy exists and that it is advisable that the status quo of the property involved be maintained until the cause is tried on its merits, and it appearing that the cause on its merits has been placed on the jury docket of the District Court of Harris County, it is now, on this, the 21st day of December, 1940, ordered by this Court that the Mount Olive Baptist Church, subject to the controversy herein, be locked up pending trial and disposition of this cause on its merits, and that the keys under which said church is to be locked up shall be turned in to the clerk of this court to be held pending disposition of the cause, and all parties to this cause, plaintiffs and defendants, are hereby forbidden and enjoined from entering upon said property after it is locked; and the defendants herein are ordered to turn in to the clerk of this court all the records of the Mount Olive Church which are in their possession immediately. Plaintiffs are required to make bond in the sum of $10.00 conditioned as required by law."

The appeal was advanced for hearing in this court, oral arguments were heard from both sides, and appellants duly filed their brief; but the appellees have not availed themselves of the permission given them on such hearing to file briefs in their own behalf.

As its recitations reflect, the appealed-from order was entered after the court had heard evidence from both sides; but the statement of facts brought here with the record shows that to have consisted of only a copy of the ballot used at the election of officers of the church on September 3, 1940, and the oral testimony of two witnesses, T. T. Bradford and Martin Kelley, both called in the first instance by the appellants.

The regularity and validity of that election constitutes the subject matter of the controversy between the parties that is involved in cause No. 269,194, styled Olivia Turner et al. v. R. Davis et al., pending in the court below, and out of which it entered this order.

Appellants challenge the order, as having exceeded the exercise of a sound judicial discretion upon the trial court's part, in the circumstances existing, upon these three propositions of law, as supported by the respective authorities cited under each:

"First Proposition. Because the ballot used in the election complained of was attached to the petition as an exhibit, showing that those voting could have prevented the election of the persons named therein by voting 'Against' them, and said petition further containing the allegations that plaintiffs and others 'Refused to vote', and there being no allegation that plaintiffs or anyone were not permitted to vote on said ballot, the petition was fatally defective as a basis for equitable relief, because it thus affirmatively appeared therefrom that plaintiffs had an adequate and effective remedy which they not only omitted, but actually refused to take advantage of, and the court therefore erred in overruling defendants' general demurrer." "Railroad Commission of Texas v. Inter City Forwarding Co., Tex.Civ.App., 57 S.W.2d 290; Johnson v. Ferguson, Tex.Civ.App., 55 S.W. 2d 153, error dismissed; Booth v. Board of Education, Tex.Civ.App., 70 S.W.2d 350, error dismissed; Sneed v. Ellison, Tex. Civ.App., 116 S.W.2d 864, error dismissed; Smith v. State, Tex.Civ.App., 103 S.W.2d 805; Pearson v. Black, Tex.Civ.App., 106 S.W.2d 787; McCauley v. Northern Texas Traction Co., Tex.Civ.App., 21 S.W.2d 309; Pomeroy's Equitable Jurisprudence Fourth Edition Vol. 1, section 363."

"Second Proposition. The evidence introduced at the hearing failing to show the probable existence of a right to injunctive relief, the court abused its discretion in granting a temporary injunction." "Sanitary Appliance Company v. French, Tex. Civ.App., 34 S.W.2d 673; Turner v. Parker, Tex.Civ.App., 14 S.W.2d 931; Sneed v. Ellison, Tex.Civ.App., 116 S.W.2d 864, error dismissed; Minton v. Leavell, Tex.Civ.App., 297 S.W. 615; 36 Tex.Jur., 860."

"Third Proposition. The pleadings of neither the plaintiffs nor defendants con-

taining a prayer for an order closing the church, the court abused its discretion in ordering it locked up and enjoining the parties from entering upon the property," Southwestern Sewer Company v. Morris, Tex.Civ.App., 26 S.W.2d 311; Fletcher v. King, Tex.Civ.App., 75 S.W.2d 980.

It is concluded that the order was an improvident one. In the first place, the "real controversy" the trial court so found to have existed is shown to have related, as indicated supra, solely to whether or not the purported election held on September 3 of 1940 for officers and other functionaries of the church had been a valid and binding one under its rules, practice, and polity; hence a mere finding that the members of the church were at loggerheads over that, there being no property rights shown to have been involved between them at the same time, as is the situation indisputably shown by this record, would not justify this attempt at intervention by a court of equity, under the rule stated in 36 Tex.Jur., page 860, as follows: "Where property-rights are involved, the rules of procedure made by the church functionaries or by long-established customs and uses, not in conflict with some civil law on the subject, become matter for the consideration of civil courts. But if, to determine a property right, it becomes necessary to adjudge an ecclesiastical question, the courts will go only so far as is necessary to pass on the effect of church law on property rights."

In other words, neither the pleadings nor proof upon this hearing disclose the involvement of any property right, nor do either show more than a schism in the membership of the church over its internal customs, regulations, rules, and practice in holding elections for the selection of its own officers and other functionaries.

In the second place, it is neither alleged nor shown that the September 3, 1940, election for such church officers had not been held in the customary manner of choosing such functionaries, nor that it was fraudulent or irregular; that situation also was fatal to the validity of the order at bar. Johnson v. Ferguson, supra.

In the third place, the witness Kelley in fact (for the appellees in that behalf) by his testimony negatives, in effect, the existence of anything irregular or not in conformity with the customs and regulations of the church in that regard in the conduct of the election, as so held; he admitting that even the form of the ballot used was the customary and usual one; that under the church's rules the deacons recommended to the congregation a slate of officers, which it either accepted or rejected in whole or in part; that unless and until such recommended slate was rejected, no other nominations than those on such list would be received; that on September 3, 1940, at the election then held, 135 persons were present, to each of whom ballots were passed, only 52 of such being returned, or handed in; that no ballot which was returned was rejected. So that, under the cited authorities, both pleading and proof were insufficient to justify intervention of a secular court of equity.

It is true there was some testimony tending to indicate the existence of a building-fund belonging to the church, but, even so, appellants were neither charged nor shown to have tampered with or threatened to use it in any way.

Finally, with the record in the indicated state, it conclusively appears that there were no pleadings supporting the appealed-from order; all the appellees prayed for was that appellants be restrained from converting an alleged building fund, and from declaring the result as a valid one of the church election of September 3 of 1940; whereas, the court's order, while granting neither of these forms of relief, did provide that the church itself be locked up and the keys thereto turned over to the clerk of the court, thereby depriving all litigants and other members of the church of a place to worship, pending a final trial of their major controversy on its merits; this plainly went beyond the pleadings. Southwestern Sewer Co. v. Morris, and Fletcher v. King, supra.

These conclusions require a reversal of the judgment, and a rendition of the cause for a temporary injunction; it will be so ordered.

Reversed and rendered.