R. E. WILSON, Appellant,

v.

Comer WHITAKER et al., Appellees.

No. 13876.

Court of Civil Appeals of Texas.

Houston.

Feb. 1, 1962.

See, also, 349 S.W.2d 753.

Bracewell, Reynolds & Patterson, Carlton Wilde, Houston, for appellant.

Thomas F. Lay, Pasadena, for appellees.

WERLEIN, Justice.

This is an appeal from the order of the trial court denying appellant, R. E. Wilson, a temporary injunction.

Appellant, an employee of the City of Pasadena, Texas, sued appellee, Comer Whitaker, individually and as the Mayor of the City of Pasadena, Texas, joining the City of Pasadena as a necessary party, to restrain appellee, Comer Whitaker, from interfering with appellant in the exercise of the duties of the office of Inspector in the Water and Sewer Department of the City of Pasadena, and for an injunction ordering appellee Whitaker to sign, as Mayor, all just warrants for compensation which are or may become due and owing to appellant so long as he remains an officer and employee of the City.

The court in his order denying the injunction, stated:

"* * * the Court having considered the verified petition of Plaintiff, and the Defendants having filed no sworn petition (sic) in contravention thereof, and before hearing on Defendants' exceptions and motion to dismiss, and having heard the argument of counsel, and it appearing to the Court that based on Plaintiff's petition, mandamus is the proper remedy rather

than the temporary injunction sued for, the said temporary injunction is hereby denied, * * *."

■ The law is well settled in this State that the granting or refusing of a temporary injunction is within the sound discretion of the trial court, and that the court's action will not be disturbed on appeal, unless it clearly appears that the court has abused its discretion. Harding v. W. L. Pearson & Co., Tex.Com.App.1932, 48 S.W.2d 964; Southwestern Associated Tel. Co. v. City of Dalhart, Tex.Civ.App., 254 S.W.2d 819, error ref., n. r. e.; 24-A Tex.Jur. 382, Injunctions § 265 and cases cited. The sole question before us is whether the trial court abused its discretion.

The trial court had before it only the verified petition of appellant. In such petition appellant alleges that unless the appellee Whitaker is restrained from unlawfully interfering with appellant's office, he will continue to obstruct appellant from enjoying the office and will withhold from him his just compensation for his services as fixed by the City Commission; that under the city charter Comer Whitaker must sign all warrants issued to appellant in payment of compensation and said Comer Whitaker has stated that he will not do so until ordered by a court; that appellant would show that he has no adequate remedy at law and will suffer irreparable and immediate injury unless the court by its order restrains and enjoins appellee from obstructing appellant in the conduct of his office and orders appellee to sign as Mayor all just warrants for payment of compensation to appellant so long as he remains an officer and employee of the City of Pasadena. Appellant also alleges that he had been appointed by the City Commission to the office of Inspector in the Water and Sewer Department, and was receiving as compensation therefor the sum of $472.50 per month.

■ The allegations in appellant's petition that he has no adequate remedy at law and will suffer irreparable injury are mere conclusions. Appellant has not alleged or established by any evidence facts showing either lack of an adequate remedy or irreparable damage. He has not pleaded that either of the appellees is insolvent or that they could not respond in damages. There is no evidence to such effect. An irreparable injury is "an injury of such a nature that the injured party cannot be adequately compensated therefor in damages, or that the damages which result therefrom cannot be measured by any certain pecuniary standard." Lowe & Archer, Injunctions and Extraordinary Proceedings, § 312, p. 321; Gulf Oil Corporation v. Walton, Tex.Civ.App., 317 S.W.2d 260, and authorities cited. Specific facts should be alleged in the petition which show the probability of irreparable injury. 24-A Tex. Jur., § 176, p. 281, and authorities cited.

■ The petition must state all, and negative all, which is necessary to establish a right. Gillis v. Rosenheimer, 64 Tex. 243; Pearson v. Black, Tex.Civ.App., 106 S.W.2d 787; Birchfield v. Bourland, Tex. Civ.App., 187 S.W. 422.

■ It is true that the trial court, in denying the temporary injunction, stated that it appeared to the court that mandamus is appellant's proper remedy rather than the temporary injunction sued for. The court was merely expressing its conclusion of law. We find it unnecessary to determine on this hearing whether such conclusion is right or wrong. The order of the court clearly shows that the court did consider the verified petition of appellant and heard the argument of counsel and denied the temporary injunction. The law is well settled that an appellate court will sustain the judgment of the trial court if it is correct on any theory of law applicable to the record, regardless of whether or not the trial court gives the correct legal reason for its judgment, or gives any reason at all. Southwestern Associated Tel. Co. v. City of Dalhart, Tex.Civ.App.1952, 254 S.W.2d 819, writ ref., n. r. e.; Construction & General Labor Union, Local 688 v. Stephenson, 148

Tex. 434, 225 S.W.2d 958; Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73.

This Court is required to view all the evidence and legitimate presumptions consistent with the record in the light most favorable to the judgment of the trial court's exercise of discretion in denying the temporary injunction. Southwestern Associated Tel. Co. v. City of Dalhart, supra; Bond v. Owen, Tex.Civ.App., 257 S.W.2d 833; Daniel v. Goesl, Tex.Civ.App. 1960, 336 S.W.2d 890, reversed on other grounds, 341 S.W.2d 892. It is our view that appellant's petition fails to establish his right to the temporary injunction sued for. It does not appear that the trial court abused its discretion.

Affirmed.