A B C LAND & DEVELOPMENT COMPANY, INC., et al., Appellants,

v.

Donald L. DAY, et ux., Appellees.

No. 09–82–055 CV.

Court of Appeals of Texas, Beaumont.

Sept. 22, 1983.

Rehearing Denied Oct. 13, 1983.

J. Robert Liles, Conroe, for appellants.

J. Ritchie Field, Conroe, for appellees.

## OPINION

BROOKSHIRE, Justice.

Appellees Donald Day, et ux, sought a temporary injunction to enjoin appellants A B C Land & Development Company, Inc., and A.R. Coe, Jr., from interfering with appellees' use of an express easement. Certain special exceptions urged by appellants were overruled and, after a hearing, a temporary injunction was issued. Appellants bring three related points of error complaining generally of the sufficiency of appellees' pleadings to form the basis of the order granting a temporary injunction.

The special exceptions are leveled against the appellees' pleadings concerning "irreparable injury" and "no adequate remedy at law." The record reflects that hearings were held on May 4, 1982, on both appellants' special exceptions and appellees' original complaint. However, no statement of facts was filed and, in the absence of such, regretably, but compellingly, "the scope of our review is limited and we must presume that the judgment of the trial court was supported by sufficient evidence." *Thornton v. City of Kleberg*, 410 S.W.2d 461, 462 (Tex.Civ.App.—Dallas 1966, no writ). Further, the trial court has broad discretion to grant a temporary injunction and that discretion is reviewable only upon a clear showing of abuse thereof. *State v. Cook United, Inc.*, 469 S.W.2d 709, 711 (Tex. 1971); *Lane v. Baker*, 601 S.W.2d 143, 145 (Tex.Civ.App.—Austin 1980, no writ).

> "In order for an applicant to prevail on his application for the issuance of a temporary injunction, he must 1) *plead* a cause of action; 2) *prove* a probable right to relief on a final trial; and, 3) *prove* a probable *injury in the interim*." (citations omitted, emphasis added)

*Diesel Injection Sales & Service, Inc. v. Renfro*, 619 S.W.2d 20, 21 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.). *See also, David v. Bache Halsey Stuart Shields, Inc.*, 630 S.W.2d 754 (Tex.App.—Houston [1st Dist.] 1982, no writ). Consequently, if a cause of action is sufficiently pleaded and the evidence presented tends to support it, the trial court has discretion to grant a temporary injunction.

Appellees' pleadings contain the following allegation:

> "These Defendants [appellants] have threatened to obstruct the easement described herein in such a way as to make the use of such easement for ingress and egress to Plaintiffs' [appellees'] sand pit impossible. Defendants threatened ob-

structions that will prevent Plaintiffs' use of the right-of-way, unless restrained by this Court. Because of Defendants' threatened acts, Plaintiffs' access to and egress from the property described above, over and along the right-of-way easement will be cut off. Plaintiffs will be forced to close their sand pit, and thus their business will be destroyed."

Appellees also allege they have "no adequate remedy at law." Appellants cite and forcefully argue *Wilson v. Whitaker*, 353 S.W.2d 945 (Tex.Civ.App.—Houston [1st Dist.] 1962, no writ); *Grayson Enterprises, Inc. v. Texas Key Broadcasters, Inc.*, 388 S.W.2d 204 (Tex.Civ.App.—Eastland 1965, no writ). We think a valid distinction can and should be made in our case because a hearing was held with evidence taken in this instant case. In *Wilson, supra,* and *Grayson Enterprises, supra,* apparently the temporary injunctions were issued upon verified pleadings without a full hearing with evidence taken by the chancellor. Appellees' pleadings certainly seem to allege sufficiently an irreparable injury. Presuming the evidence was sufficient to support these pleadings, *Thornton v. City of Kleberg, supra,* no clear abuse of discretion is shown in the trial court's issuance of a temporary injunction. *See Sun Oil Company v. Whitaker*, 424 S.W.2d 216 (Tex.1968); *Baucum v. Texam Oil Corp.*, 423 S.W.2d 434, 439 (Tex.Civ.App.—El Paso 1967, writ ref'd n.r.e.).

A possible flaw or fallacy could exist in the reasoning of some of the above cited cases in that in a situation, as here, when the special exceptions are overruled and on the same day the hearing on the application for the writ of temporary injunction is had (which is proper and within the prerogative of the trial court in the management of its docket), it may be that the respondent would not be ready and would indeed be surprised by some of the proof offered by the applicant. Even so, we think the respondent must show this surprise and lack of fair notice. We think it is better reasoning, considering the history of the case at bar, that without any statement of facts we should presume that such surprise could not be shown by the respondent. Further, without the statement of facts but after a full evidentiary hearing on the temporary injunction, we think we should presume that the chancellor sitting in equity carefully and properly balanced the equities. The fragmentary record before us compellingly reveals the chancellor acted to preserve the status quo. Hence, we should sustain the temporary injunction.

In this admittedly difficult review, and in affirming the issuance of the temporary injunction by the chancellor, we strongly suggest to trial counsel that Justice Norvell's admonitions and advice found in *Southwest Weather Research, Inc. v. Jones*, 160 Tex. 104, 327 S.W.2d 417, 422 (1959), are still very sound and valid:

"[T]he most expeditious way of obviating the hardship and discomforture of an unfavorable preliminary order is to try the case on its merits and thus secure a hearing wherein the case may be fully developed and the courts, both trial and appellate, may render judgments finally disposing of controversies."

We feel confident that the able trial chancellor would, at the request of counsel, set the case preferentially at the earliest possible time for trial on the merits.

The issuance of the temporary injunction is Affirmed.